IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOWARD J. ATKINS # 327480, | ) |
| Plaintiff, | ) |
| | ) No. 3:25-cv-115 |
| v. | ) |
| | ) Judge Trauger |
| DAVID SUTTON, *et al.*, | ) Magistrate Judge Holmes |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Howard J. Atkins, an inmate of the Trousdale Turner Correctional Facility in Hartsville, Tennessee, has filed a pro se, in forma pauperis complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights when he was transferred to his current facility after filing and prevailing in two lawsuits against Defendants' employer. (Doc. No. 1).

### I. PENDING MOTION

First, Plaintiff has filed a Motion to Ascertain Status of Case. (Doc. No. 8).

The court **GRANTS** the motion insofar as herein the court conducts the required screening of the complaint required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### II. PLRA SCREENING OF THE COMPLAINT

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**A. Section 1983 Standard**

Plaintiff brings his claims under 42 U.S.C. § 1983 which creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**B. Facts Alleged in the Complaint**

The verified complaint alleges that Plaintiff, who had been incarcerated at the Northeast Correctional Complex, was subjected to an institutional transfer to the Trousdale Turner Correctional Center ("TTCC") in retaliation for his success in two lawsuits both involving the Tennessee Department of Correction ("TDOC"). Plaintiff's transfer occurred on September 5, 2024, approximately one week after winning an award of $400 in a Board of Claims suit against

2

TDOC and on the day of the final court hearing in his suit regarding TDOC's application of Tennessee law governing life sentences, a suit which Plaintiff ultimately won. Plaintiff's transfer also occurred during the year before Plaintiff's first parole hearing. According to Plaintiff, "Trousdale is particularly unsuited to meet his rehabilitative, mental health, and programmatic needs during this phase of his incarceration." (Doc. No. 1 at 7).

The complaint alleges that Defendants David Sutton, Linda Thomas, and other individuals "were involved and complicit in his retaliatory transfer by either recommending or ordering the transfer or by submitting Atkins' name for transfer." (*Id*. at 12).

As relief, Plaintiff seeks injunctive relief against Defendants "in the form of his being returned to a T.D.O.C. state-run facility with appropriate programmatic/educational opportunities and being housed in compliance with his Minimum-Restrict custody status", punitive damages in the amount of $500,000, and compensatory and nominal damages. (*Id*. at 13).

**C. Analysis**

The complaint names three Defendants to this action: David Sutton, TDOC Classification Director; Assistant Commissioner of Tennessee Prison Operations, Linda R. Thomas; and "Unknown T.D.O.C. Employee(s)." (Doc. No. 1 at 5-6). The complaint alleges claims of First Amendment retaliation against all Defendants in their individual and official capacities. (*Id*. at 12). With regard to the John/Jane Doe Defendants, Plaintiff explains that he "does not know what other, if any, individuals and/or Agency employees were involved and complicit in his retaliatory transfer" and he reserves the right to timely amend his suit with the names of specific individuals if such should become known during litigation. (*Id*.)

As for Plaintiff's official-capacity claims against Defendants, such claims are equivalent to claims against the entity that employs these Defendants, in this case, TDOC. (*See* Doc. No. 1 at 5-6). *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) ("[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent"). "TDOC is an arm of the state of Tennessee for purposes of Eleventh Amendment immunity." *Primm v. Tenn. Dep't of Corr.*, No. 3:15-cv-00230, 2017 WL 1210066, at *5 (M.D. Tenn. Mar. 31, 2017) (citing *Owens v. O'Toole*, No. 3:14-cv-02040, 2014 WL 5846733, at *3 (M.D. Tenn. Nov. 12, 2014)). Sovereign immunity therefore applies. *See, e.g., Carter v. Bell*, No. 3:10-0058, 2010 WL 3491160, at *4 (M.D. Tenn. Sept. 1, 2010) (holding that the Riverbend Warden "as an employee of [TDOC], represents the State of Tennessee"); *Arauz v. Bell*, No. 3:06-0901, 2007 WL 2457474, at *2 (M.D. Tenn. Aug. 24, 2007) (adopting report and recommendation holding that Riverbend employees are "employees of [TDOC]"). Tennessee's sovereign immunity protects TDOC from official capacity claims for money damages. *Jones v. Mays*, No. 3:19-cv-00795, 2020 WL 5106760, at *5 (M.D. Tenn. Aug. 31, 2020). Thus, these Defendants in their official capacities are immune from Plaintiff's claims for money damages.

However, Plaintiff also seeks injunctive relief from these Defendants. (Doc. No. 1 at 13). "[D]emands for injunctive relief are properly brought against a TDOC official in his official capacity." *Hall v. Trump*, No. 3:19-cv-00628, 2020 WL 1061885, at *2 (M.D. Tenn. Mar. 5, 2020) (citing *Will*, 491 U.S. at 71 n.10). Thus, those claims are properly before the court.

To establish a claim of First Amendment retaliation, "a prisoner must prove that (1) he engaged in protected conduct, (2) the defendant took an adverse action that is capable of deterring a person of ordinary firmness from continuing to engage in that conduct, and (3) the adverse action was motivated at least in part by the prisoner's protected conduct." *Hill v. Lappin*, 630 F.3d 468,

4

472 (6th Cir. 2010) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394, 398 (6th Cir. 1999) (en banc)) (internal quotation marks omitted).

Here, the alleged retaliatory action taken by Defendants was Plaintiff's transfer to TTCC—a prison within this district this court has recognized "is notoriously violent and is currently under federal civil rights investigation." *See John Joseph Katrochvil*, Case No. 3:24-cv-01042 (M.D. Tenn. filed 8/20/2024) (Doc. No. 13 at 5 & n.2) (pending). Plaintiff alleges that his transfer to TTCC occurred within a week of him winning a lawsuit against TDOC and on the exact day of his final hearing in another, high-profile case Plaintiff ultimately won, also against TDOC.

The complaint further alleges that the transfer—either directly caused, encouraged, or permitted by Defendants—resulted in Plaintiff losing his job as a landscape gardener, the opportunity to enroll in the next round of college courses offered at Northeast Correctional Complex, his frequent access to the law library, and regular attendance at religious services. At TTCC, Plaintiff is afforded far less outdoor recreation time, it often takes "months or years" to acquire a semi-skilled or skilled job assignment, church services are inconsistently held, and gang violence and drug use are rampant. The complaint further alleges that at TTCC Plaintiff experiences "unavoidable exposure to fumes from liquor cooking and second-hand smoke from synthetic marijuana, methamphetamine, and fentanyl, which are openly indulged in all units at the facility." (*Id*. at 11). A reasonable jury could conclude that a transfer to TTCC is capable of deterring a person of ordinary firmness from continuing to engage in protected conduct such as filing a lawsuit.

"Even though a prisoner has no inherent constitutional right to avoid segregated housing or prison transfers, the [State] may not place the prisoner in segregated housing or transfer him to another prison as a means of retaliating against him for exercising his First Amendment rights."

5

*Hill*, 630 F.3d 468, 473. The filing of a nonfrivolous grievance or lawsuit against a prison official is protected conduct. *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)). And "a prison transfer . . . can be an adverse action if that transfer would result in foreseeable, negative consequences to the particular prisoner." *Hill*, 630 F.3d at 474. Considering the allegations of the complaint, the court finds that Plaintiff has stated viable First Amendment retaliation claims against Defendants based on Plaintiff's transfer to TTCC. Those claims will be allowed to proceed for further development.

### III. CONCLUSION

Having conducted the screening required by the PRLA, the court finds that the allegations of complaint state colorable First Amendment retaliation claims under Section 1983 against Defendants in their individual and official capacities. This action shall proceed as to those claims, with the exception that that Plaintiff's claims for money damages against Defendants in their official capacities (which are claims against the State of Tennessee) are **DISMISSED** due to sovereign immunity.

Accordingly, the Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for Defendants. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of the properly completed service packets, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on Defendants. Fed. R. Civ. P. 4(b) and 4(c)(3).

Plaintiff is advised that process cannot be served upon any John or Jane Doe Defendant until the actual individual involved in the alleged incident has been properly identified. Plaintiff is put on notice of his obligation to exercise due diligence to take discovery and conduct a reasonable investigation to promptly determine the actual names of the as-yet fully identified

Defendants, and to file a timely motion pursuant to Federal Rule of Civil Procedure 15 for leave to amend his complaint to correctly identify these Defendants by their full names once their names are ascertained, and to effect timely service of process upon the individuals as required by Federal Rule of Civil Procedure 4(m).

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this action is **REFERRED** to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pre-trial, non-dispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72(b), Fed. R. Civ. P., and the Local Rules of Court.

The court's determination that the complaint states a colorable claim for purposes of this initial screening does not preclude the court from dismissing any claim at any time for seasons set forth in 28 U.S.C. § 1915(e)(2), nor does it preclude Defendant from filing a motion to dismiss under Federal Rule of Civil Procedure 12.

Plaintiff is forewarned that his prosecution of this action will be jeopardized if he should fail to keep the Clerk's Office informed of his current address.

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge