# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

HOWARD J. ATKINS )
                                     )
      v.                          )        **Case No. 3:25-cv-00115**
                                       )
DAVID SUTTON *et al.* )

**TO:**   **Honorable Aleta A. Trauger, United States District Judge**

## R E P O R T  A N D  R E C O M E N D A T I O N

This *pro se,* prisoner civil rights action has been referred to the Magistrate Judge for pretrial proceedings. *See* Memorandum Opinion and Order entered January 2, 2026 (Docket Entry No. 10). Pending before the Court is Plaintiff's motion (Docket Entry No. 26) for a temporary restraining order. For the reasons set out below, the Court recommends that the motion be denied.

## I.  BACKGROUND

Howard J. Atkins ("Plaintiff"), is a prisoner of the Tennessee Department of Correction ("TDOC") currently confined at the Northwest Correctional Complex ("NWCX") in Tiptonville, Tennessee. On January 31, 2025, he filed this *pro se* and *in forma pauperis* lawsuit against David Sutton, the TDOC Classification Director; Linda Thomas, the TDOC Assistant Commissioner of Tennessee Prison Operations; and, "Unknown T.D.O.C. Employee(s)." *See* Complaint (Docket Entry No. 1).

Plaintiff asserts that he was confined at the Northeast Correctional Complex in 2024 but was transferred to the Trousdale Turner Correctional Center ("TTCC") on September 5, 2024. He contends that TTCC is "particularly unsuited to meet his rehabilitative, mental health, and programmatic needs during this phase of his incarceration," *id*. at 7, and that the transfer was a

form of retaliation against him because of his success in two lawsuits that involved TDOC. According to Plaintiff, Defendants "were involved and complicit in his retaliatory transfer by either recommending or ordering the transfer or by submitting Atkins' name for transfer." *Id*. at 12. As relief, Plaintiff seeks an injunction against Defendants requiring that he be returned to a TDOC state-run facility "with appropriate programmatic/educational opportunities" and be housed "in compliance with his Minimum-Restrict custody status," punitive damages in the amount of $500,000, and compensatory and nominal damages. *Id*. at 13.

After an initial screening of the complaint pursuant to 28 U.S.C §§ 1915(e)(2)(B) and 1915A, the Court permitted the lawsuit to proceed against Defendants based on Plaintiff's First Amendment retaliation claim but dismissed his request for monetary damages against Defendants in their official capacities. *See* Memorandum Opinion and Order at 6. In response to the complaint, Defendant Sutton filed an answer (Docket Entry No. 22) and Defendant Thomas filed a motion to dismiss (Docket Entry No. 20), which is currently pending before the Court. In addition to the instant motion for a temporary restraining order, Plaintiff has a pending motion before the Court to amend his complaint, seeking to expand his factual allegations, add two new defendants, and add new claims, *see* Docket Entry No. 34, the time for response to which has not yet expired.

## II. PLAINTIFF'S MOTION AND RESPONSE

By his motion, Plaintiff seeks a temporary restraining order under Rule 65(b) based on allegations of recent events that have occurred. He asserts that, on March 10, 2026, he was transferred from TTCC to NWCX, where is currently housed. He alleges that the transfer did not comply with TDOC policy, that he was not assigned to an appropriate housing unit at NWCX, and that he was convicted of the disciplinary offense of refusing a cell assignment after he

2

requested protective custody instead of accepting placement in the cell into which he was assigned. He contends that these events have placed him in danger, amount to "a loosely-veiled attempt at further retaliation" against him, and have hindered his ability to respond to Defendants' filings in this case. *See* Docket Entry No. 26 at 6, ¶ 26. Plaintiff seeks: (1) an order requiring his placement in a particular housing unit; (2) an order that the disciplinary conviction be overturned and expunged from his prison record; (3) an order that Defendants and their subordinates cease all retaliatory actions against him; (4) written findings by the Court pursuant to 18 U.S.C. § 3626; (5) an order appointing him counsel; and, (6) any other relief the Court deems just and proper. *Id*. at 9-10. Subsequent to filing his motion, Plaintiff filed "updates" on April 13, 2026, and May 29, 2026, stating that the first two of his requests for relief are no longer necessary because he has now been moved to an acceptable housing unit and because the disciplinary conviction was dismissed and expunged. *See* Docket Entry No. 27 at 2, ¶ 7; Docket Entry No. 31 at 2, ¶ 2.

Defendants oppose the motion and contend that Plaintiff has not carried the high burden of proof necessary to obtain the relief he seeks. After pointing out that Plaintiff's motion is more appropriately viewed as a request for a preliminary injunction, Defendants argue that his request for a housing unit change has now become moot and that the remainder of the relief that he seeks is procedurally and substantively inappropriate. *See* Response in Opposition (Docket Entry No. 29).

### III. ANALYSIS

As an initial matter, Plaintiff's purposeful framing of his motion as one for a temporary restraining order, as opposed to a motion for a preliminary injunction, is misguided. Federal Rule of Civil Procedure 65(b) governs requests for a temporary restraining order and requires

3

that temporary restraining orders may issue without written or oral notice to the adverse party only if:

> (A)   specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B)   the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Defendants clearly had notice of the motion, as evidenced by its response in opposition, and thus the request for the issuance of a temporary restraining order is procedurally misplaced.  *See Craig v. Ezpawn Tennessee, Inc.*, 2010 WL 2521367, at *2 (W.D. Tenn. June 16, 2010) ("Here, the adverse party, i.e. the Defendant, has notice of Plaintiff's Motion. This notice is evidenced by Defendant's response to the instant Motion. Since the issuance of a temporary restraining order is premised on the idea that the adverse party lacks notice of the relief the moving party requests, Plaintiff's Motion for a temporary restraining order is DENIED.").  Further, a temporary restraining order is, by its very nature, an order of a short and temporary duration.  Plaintiff's requests for relief are simply not framed as requests for temporary relief but are framed in terms of a lasting preliminary injunction.  For these reasons alone, the motion is properly denied.

Further, even if considered as a request for a preliminary injunction, Plaintiff's motion warrants denial. Pretrial injunctive relief is  considered extraordinary relief, *see Detroit Newspaper Publishers Ass'n v. Detroit Typographical Union No. 18, Int'l Typographical Union*, 471 F.2d 872, 876 (6th Cir. 1972), and should be granted only if the movant satisfies a heavy burden of proving that the circumstances clearly demand it.  *Overstreet v. Lexington–Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).  The purpose of such pretrial injunctive

4

relief is not to remedy an alleged wrong or to provide preemptive relief to a party but to "preserve the relative positions of the parties until a trial on the merits can be held." *EOG Resources, Inc. v. Lucky Land Mgmt., LLC*, 134 F.4th 868, 883 (6th Cir. 2025) (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345-46). In determining whether to grant such relief, the court must consider whether the movant has established: (1) a "strong" likelihood of success on the merits; (2) that he will suffer irreparable injury absent injunctive relief; (3) that the balance of the equities favors the movant because the issuance of an injunction would not cause substantial harm to others; and (4) that the public interest would be served by the issuance of the injunction. *Sisters for Life, Inc. v. Louisville-Jefferson County*, 56 F.4th 400, 403 (6th Cir. 2022); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). Whether to grant such relief is within the discretion of the district court. *Tenn. Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009).

Upon weighing of the relevant considerations, Plaintiff's motion is properly denied. First, much of Plaintiff's motion has, by his own admission, become moot because he has obtained the relief that he requests. Although Plaintiff contends that the last four of his requests are not moot, two of these requests seek relief that is too vague and amorphous to be granted, as is the case with his requests for order to "cease all retaliatory actions" or for "just and proper" relief. The remaining two requests are simply not related to forms of injunctive relief. The requirement of written findings under 18 U.S.C. § 3626 is a procedural requirement and the appointment of counsel to a party is a discretionary decision made by the Court.

Second, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (alteration in original) (quoting

5

*Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)).  The events occurring at the NECX in 2026 are simply not factually related to the alleged retaliatory transfer that occurred in September 2024 that is the subject of Plaintiff's compliant.

Finally, Plaintiff essentially asks that the Court actively intervene on his behalf by overseeing aspects of his current incarceration.  The Court finds no basis supporting such extraordinary relief.  This action was only recently filed, and Plaintiff's likelihood of success on the merits is no greater than that of Defendants at this point.  Plaintiff has also not made a persuasive showing that he will suffer irreparable harm if the requested injunctive relief is not granted.  The balancing of harms required by the third factor also does not weigh in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief.  *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003).  To the contrary, there is a "public interest in leaving the administration of state prisons to state prison administrators."  *Rhinehart v. Scutt*, 509 F.App'x 510, 516 (6th Cir. 2013).  Absent extraordinary and urgently compelling reasons, which have not been shown by Plaintiff, the Court will not intervene in the day-to-day operations of a correctional facility.  *See Glover v. Johnson*, 855 F.2d 277, 284 (6th Cir. 1988) (setting forth various public policy concerns relating to court intrusion into prison administrative matters and holding that a federal court should not "attempt to administer any portion of a state correctional system program except in the most compelling situations"); *Kendrick v. Bland*, 740 F.2d 432, 438 (6th Cir. 1984) (noting that federal restraint into intrusion of a state penal institution is counseled); *Griffin v. Berghuis*, 563 F.App'x 411, 417-18 (6th Cir. 2014) (citing *Turner v. Safley*, 482 U.S. 78, 82 (1987)) (decisions concerning the administration of prisons are vested in

6

prison officials in the absence of a constitutional violation, and any interference by the federal courts in that activity is necessarily disruptive).

**RECOMMENDATION**

Based on the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order (Docket Entry No. 26) be **DENIED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). An additional three (3) days are added to this time by Fed. R. Civ. P. 6(d). Objections must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge

7